Appeal from a decision and award of the Workmen’s Compensation Board. Claimant was employed by a tire company. Part of his work involved the removal and replacing of tires. He had a series of hernias and operations for their correction. Coneededly one hernia, occurring on February 16, 1953 was accidental. At that time the employer was covered by the American Motorists Insurance Company. On June 16, 1955 claimant testified he moved a large number of tires, that he “ lifted ” on that day “ over one hundred tires ” each weighing 100 pounds or more. When he went home he noticed for the first time a swelling in his left groin which was diagnosed as a hernia. The employer was then self-insured, and the board has found the hernia in part was due to an accident on that date and charged the award equally between the carrier on the prior accidental hernia and to the self-insured employer, which is the only appellant. The employer argues that because claimant said he felt no pain at the time of the lifting, the hernia could not be regarded as accidentally produced on June 16, 1955 and therefore must be attributed entirely to the earlier aeeident. The record, however, sustains the finding of the board that an accident occurred on June 16, 1955. Not only is there medical proof that the large number of heavy tires lifted that day could produce the hernia, but the fact it was noticed by claimant for the first time immediately after the lifting would 'be sufficient circumstantial evidence upon wbieh to base the finding it was produced accidentally by such work. Physician called by appellant testified that the occurrence of a hernia *1035 is not always accompanied by pain. Award unanimously affirmed, with costs to the respondent American Motorists Insurance Company.
Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.